WETTER *et al. vs.* UNITED HYDRAULIC PRESS Co.

EJECTMENT, FROM CHATHAM. Wills. Title. Estates. Res Adjudicata. Marriage Settlement. (Before Judge Adams.)

[Jackson, C. J., being disqualified, Judge Clarke, of the Altanta circuit, presided in his stead.]

Clarke, J.—A will contained the following items :

"First—It is my will that my infant daughter, Sarah Alberta Addison Alexina Telfair Cobb, should she live to attain the age of twenty-one years, become then the absolute owner of all the estate, real, personal and mixed, including choses in action, to which I have a lawful title, to have and to hold the same and her heirs forever. In the mean-

time I give to my executors herein named, the custoly and control of all said estate for the use and benefit of my said daughter."

"Second—It is further my will, that if my said daughter should depart this life leaving no issue or lineal heirs, that the whole of the estate herein bequeathed should go and belong to my mother and my sister as tenants in common and their heirs forever, and should they too be survived by my said daughter, and she my said daughter subsequently die without issue as aforesaid, then living, then it is my will that the whole of my estate vest in and belong to my own next of kin then living and their heirs forever."

"Third—I hereby appoint my mother executrix and Robert Habersham, Esq., of Savannah, executor of this my last will, authorizing them to assume and exercise the necessary and lawful trust herein prescribed in regard to the custody of my said estate, and at their discretion to sell the same or any part thereof and to vest the proceeds of sale in any safe and good yielding stock, to transfer the same to my said daughter at the time above specified, or to my mother and sister, or other heirs at any time after my daughter's death without issue, or lineal heirs then living:"

Held, that the will created an estate for life in the daughter of the testatrix, with remainder to her children or lineal heirs, or, in default of such issue or lineal heirs to the other beneficiaries named; it did not invest the daughter with the fee, at her majority, determinable upon her dying without issue. 30 Ga., 638; Jar. Wills, 465; 2 McCord, 92-3; 37 Ga., 445; 72 Id., 856, 857.

(a) The cardinal rule in construing a will is to seek diligently for the intention of the testator, regardless of technical rules; and when such intention is ascertained, to allow its full operation, provided it does not contravene any law or public policy. Code, §§2456, 2248; 2 Bl. Com., 381.

2. The effect of the marriage settlement in this case is not an open question. Knorr, admr., *et al. vs* Raymond *et al*, (Sept. Term, 1884.)

Judgment reversed.

Richards & Heyward; T. M. Norwood; Lester & Ravenel; J. A. Cronk, for plaintiffs in error.

Denmark & Adams; Chisholm & Erwin, for defendants.